In the United States District Court
for the
District of Oregon

William Mitchell,
    Petitioner,

v.

Acting Warden of FCI Sheridan,
    Respondent.

Case No. 3.26-CV-01477-SB

FILED 11 AUG '26 10:37 USDC-ORP

## Motion for Summary Judgment

Now comes Petitioner, William Mitchell, and moves the Court for Summary Judgment on all claims outstanding in the above captioned cause pursuant to Federal Rules of Civil Procedure Rule 56, on the grounds that there is no genuine dispute as to any material fact and movant, William Mitchell, is entitled to judgment as a matter of law.

The 9th Circuit has granted summary judgment in actions brought under 28 USC 2241 in Rodriguez Vasquez v. Bostock, No. 25-6842. (9th Cir) (see also Rodriguez Vasquez v. Bostock, 802 F. Supp. 3d 1297 (W.D. Wash. 2025)).

## Venue and Jurisdiction

Venue and jurisdiction are appropriate in the Distric of Oregon because the Respondent lives and is employed in the District, the Petitioner lives and is present in the District, and all of the actions giving rise to the petition have taken place in the District, under 28 USC 1391.

I. Exhaustion

Petitioner has filed forms BP-8, BP-9, BP-10, and BP-11 under the Federal Bureau's Administrative Remedy Program and has thus exhausted administrative rememdies prior to filing this petition.

II. Factual Basis for Motion

In calculating Petitioner's higtory of violence under P5100.08, FBOP used prior charges of domestic battery (misdemeaner, 2007-741441, Boise ID. Dec. 2007) and intimidations of a witness, a charge included in the present original indictment which was not related to the charges for which the Petitioner was convicted as a result of his plea agreement.  The charge of intimida-tin of a witness was dismissed.  The Petitioner has no history of violence in his criminal history, no violent conduct in his present offense, and no history of institutional voilence in his current term of imprisonment.

A divine purpose

A divine purpose

## IV. Argument and Authorities

### A. Summary of Claim

Pursuant to 28 USC 2241, Petitioner William Mitchell is bringing a Petition challenging the execution of his sentence as unlawful, because the Federal Bureau of Prisons is calculated his recidivism level incorrectly under the provisions of the First Step Act (hereafter FSA). As a consequence, the FBOP is requiring Mitchell to serve additional time on his sentence in custody. The specific error in calculation results from FBOP's use of a history of violence based upon charges for which there was no adjudication of guilt, contrary to FBOP's Program Statement 5100.08, which requires that "there must be a finding of guilt" in order to use those charges to calculate the history of violence in determining whether to aware credit under the FSA. The Petitioner has no history of violence, no finding of guilt on any violent charge, and no institutional violence. and should therefore be eligible for credit under the FSA which would have the effect of reducing the number of days Petitioner must serve on his sentence. This failure to award credit also implicates the Petitioner's rights under the 5th Amendment due process guarantees, because the Peitioner is being required to serve additional time due to conduct for which he was never adjudicated as guilty, and for which he had no opportunity to contest or face his accusers under the 6th Amendment.

### B. 28 USC 2241 Is the Proper Vehicle to Challenge This Calculation

The 9th Circuit held that a challenge to the administration o a sentence under 28 USC 2241 is proper in Hernandez v. Campbell, 204 F. 3d 861, 864 (9th Circuit, 2000). Sentencing decisions cannot have a basis in "mistaken or unfounded information" US. v. Tucker 404 U.S. 443, 447 (1972). The use of unfounded or inaccurate information to calculate a sentence or determine the length of imprisonment results in a due process violation of the 5th Amendment. Using a prior charge for which there was no finding of guilt resulting in an increase in thelength of sentence served is a violation, and implicates the Petitiner's 5th Amendment due process rights. Further, the failure of FBOP to observe their own program sstatement in calculating the PATTERN score's history of of violence is arbitrary and capricious, and also violates the Petitioner's due process rights. For the foregoing reasons, 28 USC 2241 is the correct statute under which to file a motion alleging that the Petitioner's length of sentence was miscalculated by the Federal Bureau of Prisons.

In addition to the constitutional claims, FBOP had a duty to maintain accurate records when calculating a prisoner's length of sentence under the Privacy Act. W. Foster Sellers, v. Bureau of Prisons, et al., 959 F.2d 307 (D.C. Circuit 1992).

## C. Summary Judgment is Appropriate Because There is no Genuine Dispute as to Any Material Fact.

"A party may move for summary judgment, identifying each claim or defense-or the part of each claim or defense-on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. (Fed. R. Civ. P. 56(a).

Petioner meets the initial burden of showing that there is "an absence of evidence to support the non-moving party's case" because there is no evidence showing that the movant has ever been convicted or adjudicated guilty of any conduct which would result in his being appropriately denied credit under FSA. Celotex Corp.v. Catrett, 477 U.S. 242, 248 (1986). Having done so, the burden has shifted to the non-moving party to show that summary judgment is not appropriate. The respondents must go "beyond the pleadings and her own affidavits . . . showing that there is a genuine issue for trial." Id. at 324.

Because there simply is no evidence of conduct which would permit the Respondents to deny Petitioner his FSA credit, summary judgment is appropriate for the Petitioner.

C. Summary Judgment is Appropriate Because There is No Genuine Dispute To Any Material Fact, and Courts in the 9th Circuit On Petitions under 28 USC 2241

## Conclusion

Because the Petitioner has shown that he is entitled to judgment as a matter of law, and that no evidence exists which would result in a trier of facting finding but for the Peitioner, the Court should enter summary judgment for the Petitioner.

Respectfully Submitted,

DATE 8/6/26

William Mitchell
Petitioner

## Certification of Service

I certify that I have caused to be served upon the Respondent a copy of the Motion for Summary Judgment and Brief in Support and all attached exhibits by placing a copy in the United States Mail, first class postage paid, via the inmate mail at FCI Sheridan on 8 / 6 / 26 . I
<u>Date Mailed</u>
certify the foregoing statements are true and correct under penalty of perjury pursuant to 28 USC 1746.

Executed at Sheridan Oregon on 8 / 6 / 26 .
<u>Date Signed</u>

William Mitchell
Respondent

In the United States District Court
for the
District of Oregon

William Mitchell,
     Petitioner,

V.                                              No. 3:26-CV-01477SB

Acting Warden of FCI Sheridan,
     Respondent.


Index of Exhibits

Exhibit 1   Central Office Administrative Remedy Appeal

Exhibit 2   Regional Administrative Remedy Appeal

Exhibit 3   Local (BP-9) Administrative Remedy Request

Exhibit 4   Inmate Request to Staff

Exhibit 5   Male History Custody Classification Form
            Showing no violence

Exhibit 6   History of Violence Calculation Instructions
            From FBOP Policy)

Exhibit 7   Judgment of Conviction and Order of Committment
            From State of Idaho, CR01-21-45071 showing
            showing dismissal of all charges but possession
            of a firearm by a felony

Exhibit 8   FBOP Policy on Earning FTC/FSA Incentives


I certify that as to my knowledge and belief, the attached

exhibits which are described above are true and correct

copies, authentic as described above, with the exception

of the identifying marks, pursuant to 28 USC 1742.

Date 6/6/26                    William Mitchell

Please send any responsto

William mitchell
622 w. Braadway st
Butte m 59701